IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil. Action No. 08-cv-02282-REB-CBS

COLONIAL SAVINGS, F. A.,
a Federal Savings Association,

      Plaintiff,

v.

PUBLIC SERVICE EMPLOYEES CREDIT UNION,
doing business as PUBLIC SERVICE CREDIT UNION,
a Colorado nonprofit corporation;
NORLARCO CREDIT UNION, a Colorado non-profit corporation; and
NATIONAL CREDIT UNION ADMINISTRATION,
as liquidating agent for Norlarco Credit Union.

      Defendants.

## STIPULATED PROTECTIVE ORDER

      Plaintiff, Colonial Savings, F.A. ("Colonial"), and defendants Public Service Employees Credit Union d/b/a Public Service Credit Union ("PSCU"), and National Credit Union Administration as liquidating agent for Norlarco Credit Union ("NCUA"), by their undersigned counsel, hereby stipulate and request the Court to enter an Order, as follows:

      1.    Counsel for the respective parties has issued discovery requests including Interrogatories, Request for Admissions and Request for Production, requesting certain documents and information relating to the other parties and this action.

      2.    The documents and information sought may constitute confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

      3.    Discovery will be facilitated if the parties are allowed to produce such information under a protective order pursuant to Rule 26(c).

4.  The parties therefore stipulate and agree, and request the Court to ender an Order, as follows:

A.  Colonial, NCUA and PSCU are sometimes hereinafter referred to as the "parties" or individually as a "party."

B.  This Stipulated Order shall govern any documents or other materials produced, any copies, abstracts, excerpts, analyses, or summaries that contain, reflect, or disclose information contained in such documents.  The documents and materials referenced in this paragraph shall collectively constitute the "Discovery Materials."

C.  Any party to this litigation, or any third-party from whom discovery is sought, shall have the right, before disclosing Discovery Materials, to designate as "Confidential" any Discovery Materials it produces that are believed in good faith by that party to constitute, reflect, or disclose its trade secrets or other confidential or commercial information within the scope of 26(c).  Such Discovery Materials designated as "Confidential" hereunder are referred to herein as "Designated Materials."

D.  "Confidential" shall mean those Designated Materials, including any document or extract, abstract, chart, summary, note, or copy made therefrom, that include confidential information pursuant to Rule 26(c).

E.  All Designated Materials shall bear a legend on each page stating that the material is "Confidential."  Except as provided below, all Designated Materials shall be marked before being sent to any party (hereinafter the "Receiving Party").  Where it is not possible to affix a legend to a particular Designated Material, the producing party shall take reasonable steps to give all Receiving Parties notice of its status as "Confidential."

F.  Any party to whom Designated Materials are produced, including

attorneys representing the party, may only make such use of Designated Materials as the preparation of this case may reasonably require, and not for any other purpose.

G.     Discovery Materials designated "Confidential" and information therefrom, shall not be given, shown, disclosed, discussed, or made available in any manner to any person not a party other than: (a) outside counsel for the respective parties, and any employees and independent contractors engaged in clerical work for such counsel as necessary to assist in this action; (b) experts or consultants retained for purposes of this action, and only to the extent necessary for the expert to (1) prepare a written opinion, (2) prepare to testify, or (3) assist outside counsel in this action, but only if such expert or consultant agrees to only use any Designated Materials solely for the preparation of this case and not for any other purpose; (c) witnesses in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery, hearing, or trial purposes; (d) the author of the document and anyone demonstrated by testimony or sworn affidavit to have received it in the ordinary course of business provided that such persons shall not be allowed to review a copy of Discovery Materials designated "Confidential" outside the presence of at least one attorney of record; (e) court reporters; and (f) the Court and Court staff or personnel if the Designated Materials are filed in the manner required by this Order.

H.     Except for the Court, all persons to whom Designated Materials are disclosed or are used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Order and shall take all necessary precautions to prevent any disclosure or use of Designated Materials other than as authorized by this Order.

I.      Prior to disclosing any Designated Materials to any person not a party, other than the Court, court personnel and court reporters, counsel have the obligation to obtain a written acknowledgment that such person will comply with the terms of this Protective Order. Additionally, any counsel disclosing Designated Materials shall keep a record of the name, address, telephone number, place of employment, and employment capacity, of each person who is to receive such information and shall retain the person's written acknowledgment.

J.      Persons who are authorized to review Designated Materials pursuant to this Protective Order shall hold the Designated Materials and all information contained therein or derived from in confidence and may not divulge in any manner the Designated Materials, their contents, nature, or importance, either verbally or in writing, to any person not authorized to receive such information pursuant to the terms of this Protective Order unless required to do so by the order of the Court.

K.      In the event that a party deems it necessary to disclose any Designated Materials to any person not authorized under the terms of this Protective Order, the party shall notify counsel for the producing person in writing of (1) the Designated Materials that are to be disclosed, and (2) the persons to whom such disclosure is to be made.  The proposed disclosure cannot be made absent written permission of the producing person unless an order from the Court is obtained.  All terms of this Order governing the production of "Confidential" information shall apply to every such disclosure.

L.      Nothing contained in this Order shall prevent any party from disclosing its own Designated Materials as it deems appropriate.  Additionally, nothing in this Order shall prevent any party from using as it deems appropriate materials that are the same as Designated Materials when such materials are obtained from a public source or from a source other than the

producing party under circumstances that in no way restrict the use of such materials.

        M.     If Designated Materials are disclosed to any person other than in the manners authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party or person of all pertinent facts relating to the disclosure, and make every effort to retrieve the Designated Materials and to prevent any disclosure by any unauthorized person.  Notwithstanding the foregoing, however, in the event that Designated Materials are disclosed other than in the manner expressly authorized by this Protective Order, the producing party may seek damages or other equitable relief due to such disclosure in addition to the right to petition the Court for enforcement of this Order and/or contempt.

        N.     All documents and materials filed with the Court that comprise or contain Designated Materials, or information derived therefrom, shall be filed in sealed envelopes or other appropriately sealed containers, which will bear the title of this action, an indication of the nature of the contents, the identity of the party filing the materials, and the words "Confidential" as appropriate, and a statement in the following form:  "This envelope contains materials subject to a protective order entered in this action.  It shall not be opened and its contents shall not be displayed, revealed, or made public, except pursuant to the Order of this Court."  Additionally, any pleadings, briefs, or other papers filed with the Court that either quote or discuss in any manner the contents of Designated Materials or information taken therefrom, shall also be filed under seal in the manner described in this paragraph.

        O.     A party may at any time notify the designating party in writing that it objects to the designation of any Designated Materials as "Confidential."  In the event that there is a disagreement whether material has been properly designated as "Confidential" there shall

first be an attempt in good faith to resolve such a dispute. If such a negotiation fails, the party challenging the designation may move the Court for an appropriate order. Information designated as "Confidential" shall maintain its status until such time as either (1) the parties expressly agree otherwise in writing; or (2) this Court orders otherwise, unless the Order is under appellate review.

        P.        Production of any document or materials without a designation of "Confidential" will not be deemed a waiver of a later claim as to its proper designation or prevent the producing party from later designating the material as "Confidential."

        Q.        This Protective Order shall survive the termination of this action, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

        R.        All Designated Materials subject to this Protective Order shall be destroyed by the receiving party, or returned to the producing party upon termination of this action. The phrase "termination of this action" shall mean forty-five (45) days following (a) the entry of a final judgment; and (b) the expiration of any time for appeal.

        S.        Nothing in the terms of this Protective Order shall: (1) operate as an admission by any party that Designated Materials reflect trade secrets or any other type of confidential information, (2) reduce in any way the rights of the parties or other persons from whom discovery is sought to object to discovery, (3) prejudice the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence that is subject to this Protective Order, (4) except as expressly provided, relieve any party of its obligation to produce information and documents in the course of discovery, or (5) prejudice the rights of any party or producing person to petition the Court to amend this Protective Order.

        T.        References to persons in this Protective Order are deemed to include

natural persons, corporations, and other entities.

    U. If Designated Materials are to be offered into evidence at trial or hearing, the offering party must notify the other parties and any party providing the Designated Materials not less than ten (10) business days before such hearing or trial, in order to allow the other parties or disclosing party time to request appropriate steps to protect such information.

AGREED TO:

s/
Eric P. Accomazzo, Reg No. 10840
Jamie G. Siler, Reg. No. 31284
Eric R. Coakley, Reg. No. 34238
Bloom Murr & Accomazzo, P.C.
410 17th Street, Suite 2400
Denver, CO 80202
Telephone: 303-534-2277
Facsimile: 303-534-1313
Attorneys for Plaintiff Colonial Savings, F.A.


s/
Frederic L. Coldwell, Reg. No. 8080
Patrick J. Collins, Reg. No. 13046
Collins & Coldwell, LLC
1801 Broadway, Suite 1203
Denver, CO 80202
Telephone: 303-296-7700
Facsimile: 303-295-7160
Attorneys for Defendant Public Service Employees Credit Union


s/
Donald D. Allen, Reg. No. 10340
Steven R. Rider, Reg. No. 7921
Block Markus & Williams, LLC
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone 303-830-0800
Facsimile: 303-830-0809
Attorneys for NCUA-Liquidating Agent for
Norlarco Credit Union

DATED at Denver, Colorado, this 21ST day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge