**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-02282-REB-CBS

COLONIAL SAVINGS, F.A., Federal Savings Association,

    Plaintiff,

v.

PUBLIC SERVICE EMPLOYEES CREDIT UNION, doing business as PUBLIC
SERVICE CREDIT UNION, a Colorado nonprofit corporation,
NORLARCO CREDIT UNION, a Colorado nonprofit corporation, and
THE NATIONAL CREDIT UNION ADMINISTRATION, as liquidating agent for Norlarco
Credit Union,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the following: (1) **Motion To Dismiss Complaint for Lack of Jurisdiction** [#5][1] filed December 15, 2008; and (2) **Motion To Dismiss Complaint for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)** [#7] filed December 22, 2008. The plaintiff filed a response [#14] and defendant Public Service Employee's Credit Union filed a reply [#17]. I deny both motions.

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity).

### II. STANDARD OF REVIEW

The defendants argue in their motions to dismiss that this court does not have

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

subject matter jurisdiction over the claims asserted in the plaintiff's complaint because they are barred by the applicable statute of limitations and that the statute is jurisdictional. The defendants do not present evidence in support of their motions outside of that presented with the complaint. Thus, the defendants bring a facial attack on the allegations in the complaint, arguing that those allegations demonstrate that this court does not have subject matter jurisdiction. **Maestas v. Lujan**, 351 F.3d 1001, 1013 (10th Cir. 2003). In this circumstance, I must accept the well-pled allegations in the complaint as true and determine whether or not those allegations support my exercise of subject matter jurisdiction over the plaintiff's claims. **Smith v. U.S.**, 561 F.3d 1090, 1097 -1098 (10th Cir. 2009).

### III.  ANALYSIS

Plaintiff Colonial Savings, F.A., is a mortgage loan servicer that administers mortgage loans on behalf of various investors. Defendant Norlarco Credit Union was a lender that provided funding for numerous mortgage loans serviced by Colonial. Colonial, which provided its services under the terms of a 2001 agreement between Colonial and Nolarco. Defendant National Credit Union Administration (NCUA) is the federal agency charged with administering the Federal Credit Union Act. In February, 2008, the NCUA placed Norlarco in liquidation and ostensibly repudiated the agreement between Colonial and Norlarco. Colonial disputes the NCUA's authority to repudiate the agreement. As provided by law, Colonial submitted claim letters to the NCUA. In a letter dated August 22, 2008, the NCUA disallowed Colonial's claim. Colonial filed its complaint in this case, seeking relief on its disallowed claim, on October 21, 2008.

The parties agree that 12 U.S.C. § 1787(b)(6) provides the period of limitations applicable to the plaintiff's complaint. That statute provides, in relevant part, as follows:

2

> Before the end of the 60-day period beginning on . . . the date of any notice of disallowance of such claim . . . the claimant may . . . file suit on such claim . . . in the district or territorial court of the United States for the district within which the credit union's principal place of business is located.

12 U.S.C. § 1787(b)(6)(A).  Section 1787(b)(6)(B) provides, in relevant part, as follows:

> If any claimant fails to . . . file suit on such claim . . . before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the liquidating agent) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

12 U.S.C. § 1787(b)(6)B).

The defendants argue that the plaintiff's claim is barred under this statute because the plaintiff filed its complaint 61 days after the date of the NCUA's notice to Colonial that the NCUA had disallowed Colonial's claim.  Again, the notice is dated August 22, 2008, and the complaint in this case was filed on October 21, 2008.  Resolution of this dispute depends entirely on whether or not the day of the notice, August 22, 2008, is counted as the first day of the 60 day period, and each subsequent day is added to the total; i.e. August 23, 2008, counts as the second day of the period, et cetera.

The plaintiff argues that FED. R. CIV. P. 6 and case law of the United States Court of Appeals for the Tenth Circuit require that the date of the notice be excluded from the computation and that, thus, August 23, 2008, be counted as the first day of the 60 day period.  The defendants argue that the clear language of § 1787, quoted above, makes the counting method applicable under Rule 6 and the Tenth Circuit law cited by the plaintiff inapplicable.  The defendants argue that under the clear language of the statute, August 22, 2008, the date of the notice, must be counted as the first day of the 60 day

3

period, and August 23, 2008, as the second day, et cetera.

The general rule for computing time limitations in federal courts is FED. R. CIV. P. 6(a).  Rule 6(a) provides: "In computing any period of time prescribed or allowed ... by any applicable statute, the day of the act ... from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included...."  "[A]s a general rule of statutory construction ... a cause of action measured from ... a date named excludes the day thus designated." ***Johnson v. Riddle***, 305 F.3d 1107, 1115 (10th Cir. 2002) (internal quotation and citation omitted).

> Rule 6(a) is widely applied to federal limitations periods. The Supreme Court has held that because Rule 6(a) had the concurrence of Congress, it can apply to "any applicable statute" in the absence of contrary policy expressed in the statute. ***Union Nat'l Bank v. Lamb***, 337 U.S. 38, 40-41, 69 S.Ct. 911, 93 L.Ed. 1190[ ](1949).

***Hurst***, 322 F.3d at 1260 (***quoting Patterson v. Stewart***, 251 F.3d 1243,1246 (9th Cir.2001) (footnote omitted)).

Section 1787(b)(6) provides that the 60 day period begins on the date of any notice of disallowance of claim, here August 22, 2008.  But, again, "the day of the act ... from which the designated period of time begins to run shall not be included." ***Johnson v. Riddle***, 305 F.3d at 1115 (10th Cir. 2002) (internal quotation and citation omitted).  In this case, the date of the notice of disallowance of claim, August 22, 2008, is excluded from the computation of the 60 day period.  Nothing in the language of § 1787(b)(6) indicates that Congress adopted a contrary policy in § 1787(b)(6).  Thus, the plaintiff's complaint was filed on day 60 and was timely filed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Dismiss Complaint for Lack of Jurisdiction** [#5] filed December 15, 2008, is **DENIED**; and

4

2.  That the **Motion To Dismiss Complaint for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)** [#7], filed December 22, 2008, is **DENIED**.

Dated September 24, 2009, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

5